O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY L. T.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:26-cv-01401-SPG (KES)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge, (ECF No. 17 ("Report" or "R&R").) Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made, (*see* ECF No. 18 ("Objections")).

The Report recommends that the Commissioner's final decision to deny Plaintiff's application for Social Security disability benefits be affirmed. (R&R.) Plaintiff's objections to the Report do not merit a different result.

Plaintiff objects that the Report consistently tries to provide reasoning and analysis that does not appear in the opinion of the Administrative Law Judge ("ALJ"). (Obj. at 5–6.) It is well-established that the Court cannot make "independent

findings" but instead is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Plaintiff's objection, however, is raised "generally" and does not specify a particular instance in which the Report provided reasoning that the ALJ did not provide. (Obj. at 5–6.) To the extent that the objection is raised only "generally," it is unavailing. To the extent that the objection is meant to apply to other objections that challenge any particular portion of the Report, it is unavailing for the reasons below.

Plaintiff objects that the ALJ's opinion did not meet the legal standard required by the pre-2017 regulations applicable to weighing medical opinion evidence, and raises four arguments under this objection. (Obj. at 6–12.)

First, Plaintiff argues that the ALJ's opinion "never expressly says the treating physician rule is in play in this case, and appears to try to avoid it by combining treating and examining doctor medical opinions together for evaluation." (*Id.* at 7.) As an initial matter, an ALJ was not required to expressly say that the treating physician rule is in play in this case. The treating physician rule is a standard of review for the federal courts, not the agency. *See Ryan v. Commissioner of Social Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (describing Ninth Circuit precedent regarding the treating physician rule as "standards that guide our analysis of an ALJ's weighing of medical evidence"); *see also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (an ALJ is not required to "recite the magic words" to reject the opinion of a treating physician). Moreover, the Court agrees with the Report that the ALJ, despite combining the opinions of some physicians under the general label of "Worker's compensation doctors" (ECF No. 8-9 at 38), still adequately differentiated these doctors. (*See* R&R at 5–6.) Specifically, the ALJ recognized that Dr. Pelton was a treating orthopedic surgeon. (ECF No. 8-9 at 31.) The ALJ then reasoned why the work restrictions assessed by Dr. Pelton and other workers' compensation doctors were entitled only to partial weight, including that the assessed restrictions were more restrictive than what Plaintiff admitted he could do and were inconsistent with

physical examination results. (*Id*. at 38.) Plaintiff has not shown why the substance of that reasoning was legally erroneous or not supported by substantial evidence.

Second, Plaintiff argues that the ALJ's opinion "never made a consistent/inconsistent finding to allow this Court to determine which heightened pleading standard to apply in part because of the confusion created by grouping Dr. Pelton with a bunch of other doctors." (Obj. at 9–10.) Plaintiff's argument appears to be that the ALJ did not find whether Dr. Pelton's opinion was uncontroverted (thereby subjecting the ALJ's analysis of Dr. Pelton's opinion to the "clear and convincing" standard) or was controverted by another opinion, such as that of Dr. Chuang (thereby subjecting the ALJ's analysis of Dr. Pelton's opinion to "specific and legitimate" standard). (*Id*.) But the ALJ was not required to make a finding as to whether Dr. Pelton's opinion was uncontroverted or was controverted by the opinion of another doctor. Whether Dr. Pelton's opinion was uncontroverted or controverted is a matter for the federal court to determine in deciding what standard of review to apply. *See Ryan*, 528 F.3d at 1198 (whether a treating medical opinion is uncontradicted or contradicted determines the "standards that guide our analysis of the ALJ's weighing of medical evidence").

Third, Plaintiff argues that the confusion created by the ALJ's opinion, in grouping doctors together, ignores the crux of Dr. Pelton's opinion. (Obj. at 10–11.) The crux of Dr. Pelton's opinion that went ignored, according to Plaintiff, is that Plaintiff cannot engage in prolonged standing and walking. (*Id*. at 10; *see also* ECF No. 8-17 at 386.) But a preclusion from prolonged standing and walking, which was assessed here in a worker's compensation context, "does not appear to be inconsistent with Plaintiff's [residual functional capacity] for standing and walking six hours in an eight-hour day." *Medel v. Colvin*, 2014 WL 6065898, at *6 (C.D. Cal. Nov. 13, 2014); *see also Martinez V. v. Saul*, 2021 WL 1947238, at *6 (C.D. Cal. May 14, 2021) ("The Central District has generally determined that a preclusion on 'prolonged weight-bearing' in the workers' compensation context equates to a

preclusion on prolonged standing or walking—not a preclusion on standing and walking entirely—and, therefore is consistent with the definition of 'light work.'"). Here, the ALJ found that Plaintiff was limited to light work, with a further limitation to only four hours of standing or walking in an eight-hour workday. (ECF No. 8-9 at 31.) Plaintiff has not shown how this finding ignored limitations in standing and walking that Dr. Pelton assessed and that were more restrictive.

Fourth, Plaintiff argues that the Report improperly placed the onus on Plaintiff to identify which of Dr. Pelton's restrictions deserved controlling weight. (Obj. at 11–12.) But it was Plaintiff's burden to show how the ALJ harmfully erred in assessing Dr. Pelton's opinion. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights."). And any error in assessing Dr. Pelton's opinion, assuming it had occurred, must also be shown by Plaintiff to be harmful such that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citation and quotation marks omitted). Plaintiff has not met his burden of identifying any restriction assessed by Dr. Pelton that, had the ALJ fully credited it, would have changed the ALJ's determination as to Plaintiff's functional limitations.

Plaintiff also objects to the Report's failure to find an error with the ALJ's review of the subjective symptoms and raises five arguments under this objection. (Obj. at 12–19.)

First, Plaintiff argues that the ALJ's opinion "never once identified which part of Plaintiff's subjective symptom testimony it found credible or not credible." (*Id.* at 14.) Upon reviewing the ALJ's opinion, the Court disagrees. The ALJ specifically found that Plaintiff's subjective symptom testimony was not credible to the extent that Plaintiff testified that "he could lift up to 20 pounds, had difficulty writing, could stand for 20 minutes, and could sit for two hours before walking 10 to 15 minutes"

and that he had "decreased energy, feelings of worthlessness, loss of appetite, and loss of concentration." (ECF No. 8-9 at 32.) The Report provided a detailed chart showing the findings by the ALJ that discredited these parts of Plaintiff's testimony. (R&R at 11–12.) Although Plaintiff objects to this approach by arguing that the Report made findings that were "wholly missing" from the ALJ's opinion itself, (Obj. at 15), the Court disagrees. The findings were made throughout the ALJ's decision, on different pages, "even if the ALJ did not write them side-by-side." (R&R at 10.) Thus, "[e]ven when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (citation and quotation marks omitted), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a); *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (basis for an ALJ's explanation of his or her finding may be found an "*all* the pages of the ALJ's decision") (emphasis in original).

Second, Plaintiff argues that the Report's analysis of the ALJ's first reason to disbelieve Plaintiff's subjective symptoms, lack of objective medical support, was not actually found by the ALJ. (Obj. at 16.) The Court agrees with the Report that the ALJ found that Plaintiff's testimony about the severity of his mental health symptoms lacked objective medical support. (R&R at 9.) Specifically, the ALJ found that mental health testing of Plaintiff produced results that "were considered an underestimation of [Plaintiff's] functional level due to problems with effort" and that reflected a "'slow response style' which appeared exaggerated at times." (ECF No. 8-9 at 28 (citing ECF No. 8-8 at 12,14).) Plaintiff appears to argue further that the ALJ did not rely on Plaintiff's lack of effort during testing to draw an adverse credibility inference because the ALJ did not rely on that lack of effort to find that Plaintiff was malingering. (Obj. at 16.) But in assessing a claimant's testimony, an ALJ is not required to make an express finding of malingering in order to find ultimately that a claimant's lack of adequate effort during testing detracted from the

claimant's credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's lack of maximum or consistent effort during evaluations was a clear and convincing reason to discount the claimant's testimony).

Third, Plaintiff argues that the Report's analysis of the ALJ's second reason to disbelieve Plaintiff's subjective symptoms, inconsistent system reporting, was not tied to actual testimony given by Plaintiff. (Obj. at 17.) On the contrary, the ALJ specifically found that Plaintiff's "allegations of totally disabling impairments are not consistent with his own statements made to the providers within the evidence of record." (ECF No. 8-9 at 35.) The ALJ then described the inconsistent statements, which showed that Plaintiff had told medical providers that he was not as limited as his subsequent testimony before the ALJ reflected. (*Id.* at 35–36.) Plaintiff appears to argue further that the ALJ did not "specify any actual testimony given by Plaintiff" at the hearing that was inconsistent with what Plaintiff had told providers. (Obj. at 17.) On the contrary, the Report listed the actual testimony given by Plaintiff that the ALJ specifically cited as not credible because it was inconsistent with other statements Plaintiff had made. (R&R at 11–12.) And as the Report reasonably found, the ALJ referred to the inconsistent statements throughout her decision, "even if the ALJ did not write them side-by-side." (*Id.* at 10.)

Fourth, Plaintiff argues that the Report's analysis of the ALJ's third reason to disbelieve Plaintiff's subjective symptoms, inconsistency with activities, was never actually connected with any activity. (Obj. at 18–19.) As the Report noted, however, the ALJ found that Plaintiff's allegation of a disabling mental impairment was inconsistent with his activities reflecting his ability to drive (indeed, he had previously worked as a bus driver), operate a computer, and run errands without assistance. (R&R at 12 (citing ECF No. 8-9 at 28, 36–37).) The Report also noted that the ALJ found that Plaintiff's allegation of being in constant pain that was so intense, such that he needed to lie down several hours per day and use a cane, was inconsistent with his acknowledged ability to sit, stand, get in and out of a car, ride a

bicycle, make a meal, shop, and engage in sexual activity without difficulty. (R&R at 12 (citing ECF No. 8-9 at 36).) The Court agrees with the Report that the ALJ did not err in finding that Plaintiff's ability to engage in certain activities was inconsistent with allegations of constant and intense pain. (R&R at 12.)

Fifth, Plaintiff argues that the ALJ's opinion failed to explain a purported inconsistency between her residual functional capacity determination and a medical opinion. (Obj. at 19.) Specifically, Plaintiff argues that the ALJ did not explain how her determination that Plaintiff can stand and walk for four hours in an eight-hour workday can be reconciled with medical evidence precluding him from prolonged standing and walking. (*Id.*) As explained above, however, a preclusion from prolonged standing and walking, which was assessed here in a worker's compensation context, is not inconsistent with Plaintiff's ability to stand and walk for four hours in an eight-hour workday.

Finally, Plaintiff objects that this action should be remanded to the Social Security Administration to award benefits. (*Id.* at 20.) Because the Court agrees with the Report that the Commissioner's final decision to deny benefits should be affirmed, remand for an award of benefits is not warranted.

It is ordered that: (1) the Report and Recommendation is approved and accepted; and (2) the decision of the Commissioner denying benefits is affirmed.

DATED: October 28, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE